## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                     Crim. No. 23-308 (JWB/ECW)

        Plaintiff,

v.                                            **ORDER ADOPTING IN PART**
                                              **REPORT AND RECOMMENDATION**
Arthur Fields,                                **OF MAGISTRATE JUDGE**

        Defendant.

Mary Riverso, Esq., United States Attorney's Office, counsel for Plaintiff.

Aaron J. Morrison, Esq., and Matthew Deates, Esq., Office of the Federal Defender, counsel for Defendant.

Defendant Arthur Fields timely objects to the April 4, 2024 Report and Recommendation ("R&R") issued by United States Magistrate Judge Elizabeth Cowan Wright. (Doc. No. 47.) The R&R (Doc. No. 46) recommends denying Fields's Motion to Dismiss the Indictment (Doc. No. 18), Motion to Suppress Evidence (Doc. No. 19), and Motion to Suppress Statements (Doc. No. 20). The R&R's dismissal recommendations are accepted and adopted.

## BACKGROUND

The factual background of this matter is more fully set forth in the R&R and is incorporated by reference. Relevant factual details may be cited as needed to address Fields's objections.

**DISCUSSION**

## I.    Standard of Review

District courts review de novo the portions of the Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A district judge may accept, reject, or modify all or part of the findings or recommendations. *See id.*

## II.    Motion to Dismiss the Indictment

Fields asserts that the government's decision to charge him with possessing a firearm under 18 U.S.C. § 922(g)(1) and 924(a)(8) violates the Second Amendment based upon the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He objects to the R&R's conclusion finding otherwise.

Fields's position lacks merit. In *Bruen*, the Supreme Court clarified the standard for evaluating Second Amendment challenges, emphasizing that the government must justify its firearms regulations by demonstrating that they are consistent with the historical tradition of the Second Amendment. *Bruen,* 597 U.S. at 20–21. The decision did not cast doubt on long-standing prohibitions against the possession of firearms by felons but reaffirmed the validity of such regulations. *Id.* at 30.

Considering the Supreme Court's affirmation of long-standing prohibitions on felon possession of firearms, the government's decision to charge Fields under 18 U.S.C. §§ 922(g)(1) and 924(a)(8) does not violate the Second Amendment. Fields's objection is overruled.

## III.    Motion to Suppress Evidence

The evidence that Fields possessed a firearm was attained pursuant to a

warrantless search of his Dodge Magnum executed after a traffic stop. Sergeant Brandon Johnson reported stopping Fields for two independent reasons—failure to stop at a stop sign and because of his mistaken belief that the vehicle was stolen.

The R&R concludes that when Sergeant Johnson initiated the traffic stop, he had at least a reasonable suspicion that Fields violated Minnesota law by not making a full stop at a stop sign. (Doc. No. 46 at 21.) Accepting the Magistrate Judge's factual findings, the totality of the evidence presents enough specific and articulable facts to conclude that there was at least a reasonable suspicion that Fields failed to come to a complete stop at the stop sign. *Heien v. N. Carolina*, 574 U.S. 54, 60 (2014) ("to justify this type of seizure, officers need only "reasonable suspicion"—that is, "a particularized and objective basis for suspecting the particular person stopped" of breaking the law.") (quoting *Prado Navarette v. California*, 572 U.S. 393, 396 (2014)). Therefore, it was permissible to initiate at least a brief traffic stop to investigate the traffic violation. *Heien*, 574 U.S. at 60.

Regarding the stolen vehicle basis for the stop, the R&R found that, although Sergeant Johnson misreported Fields's license plate number, the mistake was objectively reasonable and provided reasonable suspicion for the stop. Fields objects, arguing that the R&R's legal analysis considered only the reasonableness of the underlying error (misreporting the plate) and not the reasonableness of the mistaken belief (that the vehicle was stolen). (Doc. No. 47 at 11–12.) This Court declines to accept the R&R's finding that Sergeant Johnson's mistaken belief was objectively reasonable based on the record, as the analysis focused on the reasonableness of the error in misreporting the

license plate and does not sufficiently address the reasonableness of concluding that the vehicle was stolen considering the totality of the circumstances. The dispute over the reasonableness of Sergeant Johnson's mistaken belief need not be resolved, however, as the traffic violation alone provided a sufficient basis to initiate the traffic stop.

Fields also objects to the R&R based on an argument that the traffic violation justification for the stop was pretextual. (Doc. No. 47 at 8–10.) However, Sergeant Johnson's subjective intent is not relevant to the Fourth Amendment analysis. *United States v. Forjan*, 66 F.4th 739, 747 (8th Cir. 2023). An ulterior motive may be considered, as a threshold matter, when an officer has unreasonably extended an otherwise valid traffic stop. *Arizona v. Johnson*, 555 U.S. 323, 333 (2009) ("[a]n officer's inquiries into matters unrelated to the justification for the traffic stop, this Court has made plain, do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop.").

It is important to note that Fields's objection is based on actions that occurred after the stop was initiated and is in essence an objection to the scope and duration of the stop, not its initiation. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015) ("[l]ike a *Terry* stop, the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's "mission"—to address the traffic violation that warranted the stop."). This objection is rejected because Fields waived it by not having raised it before the Magistrate Judge. *United States v. Nguyen*, Crim. No. 09-172 (MJD/SRN), 2010 WL 5146414, at *1 (D. Minn. 2010). Even if not waived, the objection would fail because there was an objective basis to stop Fields for a traffic violation, and the investigation that

4

ensued did not measurably exceed that "mission" of the stop. *See Muehler v. Mena*, 544 U.S. 93, 101 (2005).

The Eighth Circuit has repeatedly held that the smell of marijuana coming from a vehicle supports probable cause for a warrantless search inside the vehicle. (Doc. No. 46 at 29–30 (collecting cases).) The R&R credited the testimony of the officers and rested its legal determination that the warrantless search was supported by probable cause on the proximity of the officers in relation to the marijuana inside Fields's vehicle. (*Id.* at 31–33.) The Magistrate Judge's finding of probable cause is accepted, as it was objectively reasonable to have smelled marijuana given its location, packaging, and proximity to the officers.

## IV.    Motion to Suppress Statements

Fields objects to the R&R's finding that his statements to Detective Vesey were "spontaneous and not in response to any interrogation." (Doc. No. 46 at 33–34.) He argues that Detective Vesey had an affirmative obligation to stop an individual who has invoked *Miranda* from speaking about the substance of any pending criminal charge. (Doc. No. 47 at 15–16.)

The objection is overruled. *Miranda* does not protect against freely self-incriminating oneself, as Fields did in the interview room with Detective Vesey. *See United States v. Turner*, 157 F.3d 552, 556 (8th Cir. 1998) (finding that a "voluntary statement made by a suspect, not in response to interrogation, is not barred and is admissible with or without the giving of *Miranda* warnings."). While *Miranda* bars authorities from further interrogating an accused, like Fields, who has requested not to be

interviewed without counsel, any protections offered by *Miranda* do not extend to an accused's unsolicited and volunteered communications to the police. *United States v. Palega*, 556 F.3d 709, 715–16 (8th Cir. 2009) (citing *Edwards v. Arizona*, 451 U.S. 477, 484 (1981)). Here, Fields was not asked any questions by Detective Vesey, and thus, *Miranda* did not offer Fields protection against voluntary statements he later argues were self-incriminating.

## CONCLUSION

The traffic stop was reasonable because there was at least a reasonable suspicion that Fields had committed a traffic violation. Further, the odor of marijuana provided probable cause to search the interior of Fields's Dodge Magnum. Additionally, *Miranda* does not provide protections against voluntary statements offered by a suspect, like Fields, not in response to interrogation. Finally, the government's decision to charge Fields under 18 U.S.C. §§ 922(g)(1) and 924(a)(8) did not violate the Second Amendment.

## ORDER

**IT IS HEREBY ORDERED** that:

1.     Defendant's Objections to the Report and Recommendation (Doc. No. 47) are **OVERRULED IN PART** and **SUSTAINED IN PART** as set forth above;

2.     The Report and Recommendation (Doc. No. 46) is **ADOPTED IN PART** and **REJECTED IN PART** as set forth above;

3.     Defendant's Motion to Dismiss Indictment (Doc. No. 18) is **DENIED**;

4.     Defendant's Motion to Suppress Evidence (Doc. No. 19) is **DENIED**; and

5.     Defendant's Motion to Suppress Statements (Doc. No. 20) is **DENIED**.


Date: June 5, 2024                          *s/ Jerry W. Blackwell*
                                            JERRY W. BLACKWELL
                                            United States District Judge